UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DACIA NAKEMA WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02445-JMS-MPB |
| ) | |
| PATRICIA BOWER, ) | |
| VIGO COUNTY SHERIFF'S DEPT., ) | |
| VIGO COUNTY, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint,
and Directing Plaintiff to Show Cause**

**I.** *In Forma Pauperis*

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening**

The Court will now screen the complaint subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is

subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Plaintiff Dacia Nakema Ward is an inmate at the Vigo County Jail. In this civil rights action he names defendants Patricia Bower, Vigo County Sheriffs Department and Vigo County. Mr. Ward explains that he was convicted of child molesting in 1992. He served his time and was not required to register as a sex offender. However, he was arrested in 2005 for theft and when he was released in 2007 he was informed that a new law required him to register as an Indiana Sex and Violent Offender. Mr. Ward registered in 2007, but was twice arrested for failure to register. He was removed from the registry on October 12, 2012, pursuant to a review by the Indiana Department of Correction. Mr. Ward alleges that being forced to register for five years and facing arrest twice for not registering violated the ex post facto clause of the U.S. Constitution. *See Wallace v. State*, 905 N.E.2d 371, 384 (Ind. 2009) (discussing Indiana Sex Offender Registry and Ex Post Facto Clause).

Mr. Ward names Vigo County Sheriff's Department and Vigo County as a defendant. These defendants can be held liable for constitutional violations only when there is "an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Wilson v. Cook County,* 742 F.3d 775, 779 (7th Cir. 2014) (internal quotation omitted). "[A] government agency may be liable when its official policy or custom inflicts the plaintiff's injury." *Id.* (citing *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978)). "But a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Id.* (internal quotation omitted). There are no allegations that a county custom or policy caused harm to Mr. Ward. Therefore, the claim against Vigo County and the Vigo County Sheriff's Department is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Ward names Patricia Bower as a defendant but there is no allegations of wrongdoing alleged against her. It is unclear, what if any, role she had in the misconduct alleged. Ms. Bower is **dismissed for failure to state a claim upon which relief can be granted** because the complaint lacks the factual allegations necessary to suggest a plausible violation of any federally secured right.

The claims also appear to be barred by the statute of limitations. The claims raised in this action are necessarily brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. This action was filed on September 13, 2016, almost two years after the expiration of Indiana's 2-year statute of limitations, with Mr. Wards claims having accrued by no later than October 12, 2012, when he was allegedly removed from the Indiana Sex and Violent Offender Registry. *Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

Case 1:16-cv-02445-JMS-MPB   Document 4   Filed 09/16/16   Page 4 of 4 PageID #: 12


### III. Show Cause

The plaintiff shall have **through October 18, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

In addition, it is the plaintiff's obligation to report any change of address within seven (7) days of the change. Failure to report any change of address may result in the dismissal of the action for failure to prosecute.

**IT IS SO ORDERED.**

Date: ___9/16/2016_____

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DACIA NAKEMA WARD
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47802