UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DACIA NAKEMA WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-02445-JMS-MPB |
| ) | |
| PATRICIA BOWER, ) | |
| VIGO COUNTY SHERIFF'S DEPT., ) | |
| VIGO COUNTY, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Plaintiff Dacia Nakema Ward's complaint was screened pursuant to 28 U.S.C. § 1915A on September 16, 2016. The Court's review of the complaint determined that this action is barred by the statute of limitations. Dkt. 4. Mr. Ward was given the opportunity to show cause why this action should not be dismissed or to file an amended complaint. Mr. Ward choose to file an amended complaint.

The motion to amend [dkt. 6] is **granted** as a matter of right. The **clerk is directed** to redocket the proposed amended complaint [dkt. 6-1] as the amended complaint. The amended complaint is now subject to screening pursuant to § 1915A.

**Discussion**

Mr. Ward is an inmate at the Vigo County Jail. In this civil rights action he names defendants Patricia Bower, Vigo County Sheriff's Department, Vigo County and the Indiana Department of Corrections. Mr. Ward explains that he was convicted of child molesting in 1992. He served his time and was released without any obligation to register as a sex offender.

In 1994, the Indiana Legislature passed the Indiana Sex Offender Registration Act ("Act"). Generally, the Act requires "defendants convicted of sex and certain other offenses to register with local law enforcement agencies and to disclose detailed personal information, some of which is not otherwise public." *Wallace v. State*, 905 N.E.2d 371, 373 (Ind. 2009). In 2001, the Act was amended to require all offenders convicted of certain sex offenses to register as sex offenders regardless of conviction date. See Indiana Code §§ 11–8–8–1 to 11–8–8–22 and *Wallace,* 905 N.E.2d at p. 376-77 (discussing history of Act).[1]

In 2005, Mr. Ward was arrested for theft and when he was released in 2007, he was informed that the Act required him to register as a sex offender. Mr. Ward, in compliance with the Act, registered in 2007. He alleges that he was arrested twice for failure to register (sometime between 2007 and 2012).

On April 30, 2009, the Indiana Supreme Court held that the Act violates the prohibition on ex post facto laws contained in the Indiana Constitution because it imposes burdens that have the effect of adding punishment beyond that which could have been imposed when the crime was committed. *Wallace,* 905 N.E.2d at 384.

Mr. Ward was removed from the registry on October 12, 2012, pursuant to a review by the Indiana Department of Correction. Mr. Ward alleges that being forced to register for five years and facing arrest twice for not registering violated the ex post facto clause of the U.S. Constitution.

Like the original complaint, the amended complaint appears to be barred by the statute of limitations. The claims raised in this action are necessarily brought pursuant to 42 U.S.C. § 1983.

---

[1] In 2003, the United States Supreme Court concluded that Alaska's Sex Offender Registration Act, which is very similar to Indiana's Act, did not violate the Ex Post Facto Clause of the United States Constitution; therefore, the registration requirement could be applied retroactively. *Smith v. Doe*, 538 U.S. 84, 105–06 (2003).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. This action was filed on September 13, 2016, almost two years after the expiration of Indiana's 2-year statute of limitations, with Mr. Ward's claims having accrued by no later than October 12, 2012, when he was allegedly removed from the Indiana Sex and Violent Offender Registry. *Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

In his amended complaint, Mr. Ward alleges that he has been living under the misperception that he was required to register as a sex offender through 2017. Mr. Ward alleges that the defendants are liable because they required him register as a sex offender. The record reflects, however, that Mr. Ward was not required to register after October 12, 2012. There is no allegation that anyone told him that he was required to register after October 12, 2012. There is no allegation that he did in fact register after October 12, 2012. He does not allege that he was arrested for failing to register after 2012. In other words, there is no plausible basis to conclude that any of the named defendants did anything to violate Mr. Ward's constitutional rights within two years of the date this lawsuit was filed.

Further, there is no plausible basis to conclude that any defendant had an improper motive in notifying Mr. Ward in 2007, that he was required to register as a sex offender under Indiana

law. The case law discussed above demonstrates that that information was true at the time. The Act was not deemed unconstitutional under the Indiana Constitution until 2009.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A(b)**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: September 30, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DACIA NAKEMA WARD
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47802